## STATE v. SCOTT*
(No. 1359; Jan. 12, 1926; 242 Pac. 322.)

Appeal & Error—Removal of Officers—Proceedings in Error—Direct Appeal—Advancement of Causes.

1. Laws 1917, c. 32 (Comp. St. 1920, §§ 6401-6415) § 1, providing for direct appeal from any judgment or order theretofore removable by "writ of error," applies to proceeding to remove county officer, reviewable under Comp. St. 1920, § 1406, by "proceeding in error;" quoted terms being regarded as synonymous, especially in view of Laws 1917, c. 32, § 15.

2. Application to proceeding under Comp. St. 1920, §§ 1398-1407, for removal of county officer of section 6401, authorizing direct appeal instead of proceeding in error, does not interfere with purpose of removal statute to accelerate trials and hearings thereunder.

3. Where Attorney General joined with state's attorneys in motion to fix time for filing respondent's briefs, and advance cause for hearing on state's appeal, under Comp. St. 1920, § 6401, from judgment restoring removed county commissioner to office, cause will be advanced for hearing on merits as directed by removal statute (section 1406).

*NOTE—See Headnote (1) 3 C. J. p. 325 n. 95; 32 Cyc. p. 406 n. 49; (2) 3 C. J. p. 325 n. 95; (3) 4 C. J. p. 613 n. 64.

APPEAL from District Court, Natrona County; HARRY P. ILSLEY, Judge.

Action in the name of the State by the County & Prosecuting Attorney of Natrona County to remove J. E. Scott from the office of county commissioner. From a judgment restoring defendant to office after vacating judgment of removal, the State appeals. Heard on motion to dismiss appeal.

*W. H. Patten, Ambrose Hemingway, Kenneth W. Mc-Donald* and *E. E. Enterline* for the motion.

The removal statute contemplates the filing of petition in error within 30 days after the entry of judgment by the trial court. No provision is made for the correction of error by the trial court, neither the statute relating to proceedings in error, nor the direct appeal statute apply here; 6401-6415 C. S.; Thomas vs. Bivin (Wyo.), 235 Pac. 321; District Courts have power to modify or vacate their judgments at the term when entered; McGinnis vs. Beatty, 28 Wyo. 328; Mitter vs. Coal Co., 28 Wyo. 439; Automobile Co. vs. Hamilton Co. (Wyo.), 226 Pac. 687; the legislature may regulate appellate procedure; Const., Art. V. Sec. 18; it may provide more than one method of review. The statute under consideration, however, is a special statute; 36 Cyc. 1189; 2 Hayne's N. T. & A., Sec. 179; State vs. Thompson (Minn.), 97 N. W. 887; 37 Cyc. 530 and cases cited; appellate procedure is generally mandatory and jurisdictional; Daley vs. Anderson, 7 Wyo. 1; Elliott on A. Pro., Sec. 111; 2 R. C. L. 104; State vs. Musical Club

(Md.), 20 Atl. 242; Marder Luse Co. vs. Mfg. Co., 76 Ill.
App. 431; Cain vs. State, 74 N. E. 1102; Livingston vs.
State (Tex), 11 S. W. 114; People vs. Bank (Calif), 92
Pac. 481; if the meaning of the language of the statute
be plain, there is no room for construction; Brennan vs.
Midwest Co., 29 Wyo. 116.

*David J. Howell,* Attorney General; *George A. Weedell,*
County & Prosecuting Attorney of Natrona County; *E.
Paul Bacheller* and *R. R. Rose,* contra.

Decisions from other states on the subject of appellate
procedure are of little value unless the statutes of such
states are sustained. But one method of review existed in
this state at the time of the enactment of Chapter 99, Laws
of 1920. The statutes use the terms ''appeal'' and ''pro-
ceeding in error'' promiscuously, as noted in sections
1084 and 1202, Laws of 1920. The Act of 1915 uses the
word ''appeal;'' the only existing method for review at
that time was by error proceedings; but it could not be
argued after the enactment of the direct appeal statute,
that that method was exclusive; methods of review apply
alike to both general and special proceedings; 6369 C. S.;
6409 C. S.; Bock vs. Nefsy, 29 Wyo. 33; Mitter vs. Coal
Co. (Wyo.), 191 Pac. 1069.

Potter, Chief Justice.

This case is here on appeal and has been heard upon a
motion to dismiss. The grounds of the motion are, as
stated therein: 1. That no petition in error has been
filed nor summons in error issued in this proceeding. 2.
That no motion or application has been made or filed by
the attorney general for an order and the fixing of the
time within which the necessary records of the proceed-
ings of the trial court should be filed in this court. 3.
That no such order has been made or entered by this
court. 4. That there is no right of appeal on the part
of plaintiff and appellant, but that its right of review

of the judgment of the district court, if any, must have been exercised by the filing of a petition in error in this court within thirty days after the date of the entry of said judgment in the district court. They each raise the question specifically suggested by the 4th.ground, viz: whether, from the judgment complained of, there is any right of review in this court except upon a proceeding to be commenced by the filing of a petition in error.

The action in the district court was one commenced in the name of the state by the county and prosecuting attorney of Natrona county for the removal of the respondent from the office of county commissioner of said county. And that action resulted, first, in a judgment upon a verdict of a jury directing the removal of the respondent, the defendant in the action below, and later, during the same term of the district court, an order sustaining a motion to vacate that judgment and the rendition and entry of another judgment restoring the said defendant and respondent to his said office of county commissioner, and finally denying the petition for his removal. And to review that judgment the case has been brought here by the State under a statute providing for a review in this court by a so-called direct appeal.

It is conceded that the removal proceeding was brought under the provision of Chapter 99 of the Compiled Statutes of 1920, including sections 1398 to 1406. It is sufficient to say of the proceedings provided for by that statute that it provides, generally, for the removal of any county officer by the district court of the proper county upon charges made in writing and a hearing thereunder, if, after proof submitted, the court shall be satisfied that the said officer has been guilty of misconduct or malfeasance of office; and the proceedings thereby provided are an action by the county and prosecuting attorney or the attorney general praying for such removal, setting forth the facts constituting the misconduct or malfeasance; that

upon the filing of such petition a summons shall be issued for the defendant as in civil actions, to be served upon him together with a copy of the petition; the answer day to be the same as in civil suits, and it is specifically provided also that the petition and answer shall constitute the only pleadings allowed, and that the allegations of the answer, so far as they conflict with the petition, shall be considered denied without a reply. It is further provided by that statute that the action shall be tried in a summary manner by the court with or without a jury not less than five nor more than thirty days after answer day, and that upon the trial all questions touching the sufficiency and certainty of the allegations of the petition or answer shall be heard and determined, and such amendments not inconsistent with the original pleadings shall be authorized to be made at once, without delaying the trial of the case. And that, if the court shall find the defendant guilty of the alleged misconduct or malfeasance a judgment shall be entered removing him from his office and taxing against him the costs of the action. It is also provided that the Governor may direct the commencement and prosecution of such action under stated conditions (Sec. 1399), and that (Sec. 1403) whenever such a proceeding has been commenced, the governor, upon a hearing for that purpose, may suspend such officer from the further exercise of his duties until the termination of the trial. But we do not understand that in this case there had been any such order for suspension or hearing therefor. This is followed by a provision in Section 1404 for filling vacancies in case of any such suspension, and also, in 1405, by a provision that when any officer, who has been suspended under the provisions of the statute, is found to be *not guilty* of the misconduct or malfeasance charged against him, *he shall be restored* to his office and receive the official compensation during the period of his suspension and be reimbursed by the state for actual and necessary expenditures in con-

nection with his trial and hearings provided for in said chapter.

We are then brought to the Section (1406) upon which the contentions of respondent here are based, which reads as follows:

"Either party may commence a proceeding in error in the supreme court by filing a petition in error as in civil actions, within thirty days after the entry and (of) said judgment, and the supreme court may, upon motion of the attorney general, fix a time within which the necessary records of the proceedings and the briefs of the parties shall be filed, and advancing the cause for hearing. No such proceeding in error shall suspend or supersede a judgment of the district court removing such officer, but such officer shall be suspended and barred from performing the duties of his office from the time of the entry of said judgment so long as the same remains unreversed."

It is, of course, true that having come here by direct appeal under statutory provisions presently to be stated, no petition in error was filed in this proceeding nor any order made upon motion of the attorney general or otherwise for the removal of any papers or records from the district court to this court, as might have been done and would have been necessary in a proceeding in error. The question, then, for decision here, as we understand it, is whether either party to a judgment in an action under said removal statute may come to this court by appeal, as distinguished from a proceeding in error, or whether each is limited, with respect to a review of the judgment here, to a proceeding in error.

That removal statute was enacted in 1915. Laws 1915, Ch. 112. At that time the only appellate proceeding provided for by law in this state for the review by this court of a judgment or final order of a district court was a proceeding in error, the specific provisions for which were

then found in Chapter 326, Compiled Statutes of 1910, comprising Sections 5017 to 5135 inclusive of that compilation, and are now found in Chapter 390, Compiled Statutes of 1920, embracing the same sections, with amendments if any, but numbered 6369 to 6397 inclusive. Those sections are and have been for many years a part of our code of civil procedure. The first section of the chapter provided and still provides (Sec. 6369, C. S. 1920) that an order affecting a substantial right in an action, which, in effect, determines the action and prevents a judgment, and an order affecting a substantial right in a special proceeding, or upon a summary application in an action, after judgment, is a final order which may be "vacated, modified or reversed, as provided in this chapter." Section 6371 provided at the time of the enactment of said removal statute that a judgment rendered or a final order made by the district court may be reversed, vacated or modified by the supreme court for errors appearing on the record. And that remains in force, as amended in 1921 in particulars not material here. Laws 1921, Ch. 145. It was then provided also, and the provision remains in force unamended (C. S. 1920, Sec. 6373) that the proceedings to obtain such reversal, vacation, or amendment shall be by petition in error, and the issuance of a summons in error, unless waived, is provided for. And the chapter contains also a limitation of the time for bringing such a proceeding, requiring that it shall be brought within one year after the rendition of the judgment or the making of the final order complained of, except in certain cases or upon certain stated conditions not material here. C. S. 1920, Sec. 6386; C. S. 1910, Sec. 5122. At the legislative session of 1917, the next session following that at which said removal statute had been enacted, another method of review in this court of judgments and final orders of district courts was provided for by an act entitled "An Act to provide for a direct appeal to the Supreme Court from the District

Courts of the State of Wyoming, and prescribing and regulating the procedure therefor.'' Laws 1917, Ch. 32, Comp. Stat. 1920, Secs. 6401-6415. By the first section of that act it was and is provided:

''No writ of error shall be necessary to present for review in the supreme court any judgment or order heretofore removable thereto by such writ of error, but any such judgment or order may be therein reviewed by direct appeal, and the words 'writ of error,' where used in the laws of this state, shall be held to mean and include 'appeal'.''

And by Section 15 (C. S. 1920, Sec. 6415) it was and is provided:

''The provisions of this act are intended to provide for a direct appeal to the Supreme Court of this state from the District Courts, and as a separate and independent method of reviewing civil and criminal causes in the Supreme Court, in addition to the provisions of law of this state now in existence for reviewing such causes in the Supreme Court on proceedings in error. And nothing herein contained shall be construed as modifying, changing, amending, altering, or repealing any of the provisions of the existing laws of this State relating to proceedings in error.''

It is provided by that statute also that an appeal must be taken by serving and filing a notice in writing to that effect within ten days from the entry of the order or judgment appealed from; and provision is made for the making up and filing a record on appeal in the district court; a period of seventy days from the entry of the judgment being granted therefor by the statute to the appellant in every case, which time may be extended or enlarged by the court or judge for cause shown. And there is a provision also for including within the record a transcript of the

testimony to be prepared and certified to by the official court reporter within the time stated, and, after the filing of the record in the district court, for the filing therein and serving of specifications of error, the same to be attached to the record, and for a consideration thereof by the district court, within a time limited; whereupon, if no action thereon be taken granting a new trial, it is provided that the record shall be transmitted to this court by the clerk of the district court, and this court upon the filing of such record acquires jurisdiction over the cause.

It is strongly argued by counsel for respondent that the proceedings provided for in the removal statute aforesaid cannot be controlled by the later direct appeal statute because the provision of the former for a proceeding in error, applying only to such removal proceedings under that statute, must be regarded as so far special in character as to be uncontrolled by later general statutes, not *specifically* including or declared applicable to such removal proceedings. In other words that to change said removal statute in the respect mentioned by a later general statute, it must be *specifically* referred to therein. But we see no substantial reason for giving to that statute any such exclusive effect. We think the provision of said removal statute for a hearing in this court is sufficiently referred to, though perhaps not "specifically," by the provision of the later general statute for a direct appeal declaring, first, that no writ of error shall be necessary for review in the supreme court of any judgment or order heretofore removable thereto by such writ of error; second, by the declaration that any such judgment or order may be reviewed in this court by direct appeal, and, finally, by providing that the words "writ of error," used "in the laws of this state" shall be held to mean and include "appeal."

It has already been held by this court, and we think correctly, that, since writs of error have been unknown in

our practice for many years, having been expressly abolished by statute, and other provision made for transferring the cause and a record of the proceedings therein to the appellate court for review on error, the words "writ of error" where and as used in the direct appeal statute, particularly in the first section thereof (6401, C. S. 1920), must be understood as intended to refer to a proceeding in error. Bock v. Nefsy, 29 Wyo. 33, 207 Pac. 1008. And that such was the intention of the legislature when enacting the so-called direct appeal statute was made clear by the last section of the act, above quoted, (Sec. 6415), which declares that the provisions of the act are intended to provide for a direct appeal from the district courts as a separate and independent method, "in addition to the provisions of law" then existing for reviewing civil and criminal causes "in the supreme court on proceedings in error."

The statute which has been referred to herein as the removal statute, that under which this action was brought in the district court, by the provision thereof above quoted authorizing either party to commence a proceeding in error in the supreme court by filing a petition in error as in civil actions, certainly made the judgment or order in said action removable to this court by proceeding in error. And under our holding as to the meaning of the words "writ of error," as used in the direct appeal statute, it seems equally clear that such judgment or order is expressly covered by the first section of the direct appeal statute, declaring that any judgment or order removable by proceeding in error may be reviewed in this court also by direct appeal. It is true that the words "writ of error" are not used in the removal statute but that the words employed in that statute are "proceeding in error," but in view of the declared legislative intention, and our said holding in conformity thereto, they are to be regarded as synonymous with respect to the question before us with

"writ of error," and hence must be held to include, as so employed in the removal statute, a proceeding by "appeal," the appellate proceeding established by the act of 1917 aforesaid.

The change thus made in the statute under which the removal action was brought is not one arising by implication merely. The direct appeal statute declares a definition of "writ of error," wherever used in any law of the state in the sense of "proceeding in error," as including "appeal." And it was no more an implication, nor any more necessary to specify the particular statute, than would be the case of any statute declaring the meaning or interpretation of the words of any law or code or compilation of laws. The code of civil procedure, (C. S. 1920, Sec. 5531), declares that in its interpretation, unless the context shows that another sense was intended, certain stated words shall include other things, as, for example, "person" includes a corporation, "writing" includes printing, "bond" includes an undertaking, "and" may be read "or", "or" may be read "and," if the sense requires it, words in the present include a future tense, and in the masculine gender include the feminine and neuter genders. And then there is this significant statement at the close: "but this enumeration shall not be construed to require a strict construction of other general words in said code." There is a statute of like effect controlling the interpretation of statutes generally. Comp. Stat. 1920, Sec. 4570.

After a close consideration of the several provisions of our statute relating to the matter, we are unable to perceive any reason for doubting the intention of the legislature in the enactment of the direct appeal statute to make it applicable to any and every judgment or final order of a district court theretofore removable to this court by proceeding in error, or the sufficiency of the language of said statute to accomplish that purpose. It appears that the

judgment in this case was entered on October 12, 1925; that the notice of appeal was filed on that day, and served on the following day, October 13; that the record was prepared and filed in the district court on October 13, and that it was transmitted to this court and filed herein on November 5, 1925, all within the thirty-day limitation period found in Section 1406, C. S. 1920, for commencing a proceeding in this court; and each act required to take and perfect the appeal occurred within the time limited therefor by the direct appeal statute. We need not, therefore, inquire whether the limitation period of thirty days, stated in the removal statute, for commencing a proceeding in error controls or governs the act of taking the appeal or perfecting it, or the time of filing the record on appeal in this court. That it might control the act of filing the record here seems to have been at least assumed in this case. We mention this matter only to show that the effect or application of that limitation period, with respect to a review in this court upon a statutory appeal, as distinguished from a proceeding in error, is not before us at this time, except, it may be said, we have seen no reason to doubt that this cause, under the facts just stated, has come to this court in ample time to confer jurisdiction, whatever might be found to be the effect of said limitation period upon a statutory appeal under other circumstances.

Much was said in the argument upon the hearing of the motion as to the very clear intention of the removal statute to accelerate the trials and hearings thereunder. And we are quite ready to assent to that understanding of the purpose of the statute. But to hold either party to have a right to bring the cause to this court on appeal as well as by proceeding in error cannot, we think, in any way obstruct or interfere with that purpose. One of the objects of the *direct appeal statute* was to prevent delays, and indeed to accelerate the maturing of causes for hearing upon review in the supreme court.

We are of the opinion, therefore, that the motion to dismiss must be denied, and it will be so ordered. It appears that briefs upon the merits have been filed by the appellant, and we suppose they have also been served. Time will therefore be fixed by the order disposing of this motion for the filing and serving of briefs by respondent. It is unnecessary to add, also, that the cause upon the merits will be advanced for hearing, as directed by the said removal statute, it appearing that the attorney general has joined with the county and prosecuting attorney and the special counsel for the state in a motion to fix the time for filing such briefs and to advance the cause for hearing; that motion having been filed on the date that the record was filed in this court and of course before the hearing upon the motion to dismiss. And we do not understand that there would be any objection to said motion, upon a denial of the motion to dismiss. If there is counsel can make it known.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.