## STATE v. MORGAN*
(No. 1358; Jan. 12, 1926; 242 Pac. 326.)

APPEAL & ERROR—REMOVAL OF OFFICERS—STATUTES—CONSTITUTIONAL LAW—GENERAL LAWS—SPECIAL LAWS.

1. In view of Supreme Court rule 13, proceeding in error under Comp. St. 1920, § 1406, relating to removal of county officers, may be commenced within 30 days after overruling of motion for new trial by analogy to rule governing such proceedings generally under section 6384.
2. Comp. St. 1920, §§ 1398-1407, relating to removal of county officers, is general law, within such constitutional provisions as those prohibiting passage of local or special laws.
3. Proceedings in error, under Comp. St. 1920, § 1406, will not be dismissed for failure of Supreme Court, without fault of plaintiff in error, to rule on motion to fix time for filing briefs and records and advance cause for hearing, where all necessary papers and journal entries are before court, and plaintiff in error has filed brief on merits.

*NOTE—See Headnotes (1) 3 C. J. p. 1051 n. 10; (2) 36 Cyc. p. 987 n. 73; (3) 4 C. J. p. 574 n. 73 New.

ERROR to District Court, Natrona County; HARRY P. ILSLEY, Judge.

*W. H. Patten, Kenneth W. McDonald, Ambrose Heming-way* and *E. E. Enterline* for the motion.

Officers not liable to impeachment are removable for misconduct or malfeasance in office; Const., Art. III, Sec. 19.

The law providing for the removal of officers, 1398-1407 C. S., requires the filing of petition within 30 days after judgment; no provision is made for motion for new trial, nor opportunity afforded the trial court for correction of errors. Conceding the power of the legislature under the Constitution, Art. V, Sec. 18, to provide for review either by direct appeal, or upon error, the statute for removal of officers is special and summary, and must be strictly construed. 2 Hayne's N. T. & A., Sec. 179; in re McCabe (N. D.), 67 N. W. 143; State vs. Thompson (Minn.), 97 N. W. 887, 36 Cyc. 1189; 37 Cyc. 530; Judson vs. Smith, 104 Mo. 51; generally statutes relating to appeal are mandatory and jurisdictional; Daley vs. Anderson, 7 Wyo. 1; 4 A. & E. Enc. of L. & P., pp. 116 and 117; Elliott on A. P., Sec. 111; Anderson vs. People, 28 Ill. App. 317; Marder Luse & Co. vs. Co., 76 Ill. App. 431; Cain vs. State, 74 N. E. 1102; Packard vs. Craig (Calif.), 45 Pac. 1033; matters not requiring consideration in the trial court upon motion for new trial as a condition precedent to review, will be final when rendered or recorded; Conradt vs. Lepper, 13 Wyo. 99; Tolteck Co. vs. Gillespie, 20 Wyo. 314; general statutes relating to procedure in error or direct appeal, do not apply here; 1406 C. S. 6378, 6386, 6412, 6413 C. S. The terms of the statute leave no room for construction; Brennan vs. Midwest Co., 29 Wyo. 116; the petition in error was not filed until 62 days after the entry of judgment, thus depriving this court of jurisdiction to review.

*David J. Howell,* Attorney General; *George A. Weedell,*
County and Prosecuting Attorney of Natrona County; *E.
Paul Bacheller* and *Robert R. Rose,* contra.

Irrespective of whether the statute relating to the re-
moval of county officers, Chap. 99, 1920, is a special pro-
ceeding or a general law, the statute covering proceedings
in error applies to special proceedings; Chap. 390, C. S.
6369 C. S.   A motion for new trial was properly made;
Burns vs. R. R. Co., 14 Wyo. 498; a judgment does not
become final until motion for new trial is disposed of;
Conradt vs. Lepper, 13 Wyo. 99; Chap. 390, C. S., Sec.
6369, C. S. 1920; a motion for new trial is necessary as
a basis for error proceedings.   The motion to dismiss
should be denied.

POTTER, Chief Justice.

This cause has been heard upon a motion to dismiss the
proceeding in error, the grounds stated being that the
court was without jurisdiction of the subject matter of
the proceeding for the reasons:   1.   That the judgment
sought to be reviewed was rendered by the district court
of Natrona County on September 1, 1925, and entered of
record on September 3, 1925.   2.   That the petition in
error was not filed within thirty days after the entry of
said judgment, and not until November 4, 1925.   3.   That
there is no error assigned concerning the entry of the
judgment, but only concerning the denying of the motion
for new trial.   4.   That no order has been made or entered
in this court fixing the time within which the necessary
records and proceedings of the district court should be
filed in this court.

The case, like that of State v. Scott (Wyo.), 242 Pac.
322, this day decided upon a motion to dismiss the appeal
taken in that case, was brought in the district court of
Natrona County under a statute providing for the re-
moval of county officers, the provisions of which are
found in Chapter 99, Compiled Statutes 1920, comprising

sections 1398 to 1407, inclusive, of that compilation. It is unnecessary now to recite any of the provisions of that statute except the provision of section 1406, that "either party may commence a proceeding in error in the supreme court by filing a petition in error as in civil actions, within thirty days after the entry and (of) said judgment, and the supreme court may upon motion of the attorney general fix a time within which the necessary records of the proceedings and the briefs of the parties shall be filed, and advancing the cause for hearing." The judgment was in favor of the defendant, whom it was sought to have removed from his office of county commissioner of Natrona County; and said judgment was rendered and entered upon a verdict directed by the court. The only error assigned in the petition in error herein is that the district court erred in denying the motion of the plaintiff for a new trial of the cause. The petition in error was filed in this court on November 4, 1925, and there was also filed on that date praecipe for summons in error. On that date also summons in error was issued, and it appears to have been properly and timely served upon one of the attorneys of record for the within named defendant in error; and on said date an application was filed and an order issued as provided generally by law (Comp. Stat. 1920, Sec. 6376) for a transfer to this court of original papers, duly certified, and a transcript of journal entries. And the original papers and transcript so called for appear to have been transmitted to this court and filed with the clerk on November 9, 1925.

The certified copy of the journal entries shows that the date of the rendition of the judgment was September 1, 1925; that said judgment, made out in form and signed by the trial judge, was filed with the clerk of the district court on September 3, 1925, and that it was entered on the journal under the date and as a part of the proceedings of September 10, a subsequent day of the same, the Sep-

tember, 1925, term.   The original verdict, in the record here with other original papers, upon which the judgment of September 1 was rendered, shows that it was returned and filed on August 6, 1925.   The bill of exceptions shows that a motion for a new trial was filed on August 17, before the rendition and entry of the judgment, and the motion is set out in full in said bill, which shows also that said motion was presented and argued to the court on September 23, 1925, and upon consideration thereof was afterward overruled and the plaintiff excepted to said ruling.   The record shows also that the date of the entry of the order overruling said motion was October 12, 1925, or at least not prior thereto, for that is the date upon which the formally prepared order was filed with the clerk.

The filing of the petition in error and the issuance of summons in error duly served, constituted the commencement of the proceedings in error in this court.   It did not occur within thirty days after the entry of the judgment, for the date of that entry appears to have been not later than September 10, 1925.   But it did occur within thirty days after the filing and entry of the order overruling the motion for a new trial.   And the question arises whether that is to be taken as the commencement of the thirty day period instead of the date of the entry of the judgment itself.   The general statutory limitation upon the time for bringing a proceeding in error is one year after the rendition of the judgment or the making of the order complained of, with certain stated exceptions not material here.   Comp. Stat. 1920, Sec. 6384.   The removal statute which controls the matter in this case prescribes a limitation period, as above stated, of thirty days from and after entry of the judgment.   A rule of this court which has been in existence from practically the beginning of the organization of the court under a territorial form of government, provides that nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court in a proceeding in

error unless it shall appear that the same was properly
presented to the court below by a motion for a new trial,
that such motion was overruled, and an exception reserved
to such ruling at the time, all of which shall be embraced
in the bill of exceptions.  And that rule also provides
that the ruling of the trial court upon each matter pre-
sented by a motion for a new trial shall be sufficiently
questioned in this court by an assignment that the court
below erred in overruling such motion.  Rule 13.  Con-
sidering the statute limiting, generally, the period for
commencing a proceeding in error to one year after the
rendition of the judgment or final order complained of,
this court has held, in view of the court rule aforesaid,
that a proceeding in error commenced within one year
from the order overruling a motion for a new trial sea-
sonably filed is commenced in time to authorize the review
of alleged errors properly involved in the determination
of such motion.  Conradt v. Lepper, 13 Wyo. 99, 78 Pac.
1, 3 Ann. Cas. 627.  We quote the following extracts from
the opinion in that case:

"For most purposes there can be little question about
the date of the rendition of a judgment.  Generally, no
doubt, that fact will be determined by the date of the
formal entry of the judgment itself.  But the question
here is the proper construction of the statute limiting pro-
ceedings in error, and whether, for the purpose of such
proceedings, the date of the rendition of a judgment is to
be determined according to the ordinary rule and upon a
strict interpretation of those words, or whether, where a
motion for new trial is necessary to a consideration of the
questions in this court, the time when the order is made
overruling the motion is to be regarded as the date of
rendition from which the period prescribed for commenc-
ing proceedings in error will run.  *  *  *  A judgment
which this court is authorized to review on error is clearly
that judicial act which the statute defines as a judgment,

viz: 'The final determination of the rights of the parties in action.' And we think it equally clear that the statute fixing the date of the rendition of the judgment as the commencement of the period of limitation for prosecuting proceedings in error refers to a judgment that has become final for the purpose of instituting such proceedings. The evident purpose and intent of the statute is to allow one year from the time that a party may rightfully commence proceedings in this court for the correction of the errors complained of. It is unreasonable to presume that the legislature intended the period of limitation to begin while the questions to be presented remain within the breast of the trial court and before the party is in a position to demand a review in the appellate tribunal. * * * As to those matters not requiring the consideration of the trial court upon a motion for a new trial as a condition precedent to consideration in this court, the judgment will doubtless become final when it is in fact rendered or formally recorded. But so far as the filing and determination of a motion for a new trial is necessary to a review in this court, whenever such a motion is properly and seasonably filed, the character of finality will not attach to the judgment, for the purpose of review on error, until the court shall order the overruling of the motion.''

That opinion further states that the denial of the motion for a new trial in that case was assigned as one of the grounds of error in the cause, and that it presented questions properly assignable in such a motion, and which could not have been considered in this court unless they had been so presented in the court below. The reasoning of that opinion seems to us unquestionably applicable in determining the question before us upon the limitation of thirty days from the entry of the judgment found in the statutes controlling the disposition of this cause, notwithstanding the fact that said statute applies only to one kind of action and in that respect may be called a special

statute. But it is not "special" as distinguished from a
"general" law; on the contrary it is a general law and
not special within the meaning of such provisions as those
found in our constitution prohibiting the legislature from
passing local or special laws, and that in all cases where
a general law can be made applicable, no special law shall
be enacted. The theory of the argument of counsel for
defendant in error seems to be that this being a statute
limited in its purpose, applying only to an action for the
removal of county officers, it is entitled to be construed as
unaffected by general legislation, in the view that the
legislature intended to make peculiar or special provisions
for the particular matter involved in such a statute.

But that does not interfere with the necessity of inter-
preting the limitation provision. There is occasion for
the same inquiry as when it became necessary to construe
the meaning and effect of the provision limiting generally
the time for commencing a proceeding in error. And that
is quite clearly illustrated by the situation in this case.
The rule of court aforesaid with respect to the necessity
for a motion for new trial presented, heard and overruled
and the ruling excepted to in the court below applies
here, the same as in the case of any other proceeding in
error, or a proceeding in error from a judgment rendered
in any other kind of action. And it appears in this case
that the judgment was rendered upon a directed verdict
concluding a trial embracing the introduction of evidence,
as shown by the bill of exceptions in this case. And, as
above stated, the only assignment of error is that the court
erred in overruling the motion for a new trial. It appears
also that whereas the judgment was rendered on the first
and entered either on the third or tenth of September,
1925, after the filing of the motion for a new trial, the
latter was not disposed of until the filing and entry of the
order overruling it on October 12, a period in excess of
thirty days from the entry of judgment, the period pre-

scribed by the statute. So that, under our rule aforesaid, the plaintiff in the action would have had no right to be heard in this court upon any of the matters which might have been presented by such a motion, except upon a compliance with the rule, and that would be impossible if the prescribed limitation period is to be construed strictly, and as having expired within thirty days from the actual date of the entry of the judgment.

We think, therefore, that the same principle must be applied as in the case of the general statutory limitation upon the period for bringing a proceeding in error in this court; and that the limitation period of thirty days must be interpreted to mean that length of time from and after the time when the judgment or order complained of has become final in the sense that the party has become entitled to have the matters complained of heard in this court. We are therefore constrained to hold against the contention of the defendant in error that this court is without jurisdiction for any of the reasons stated with reference to the time of the commencement of the proceeding in error.

The section of the statute containing such limitation period in this kind of an action provides also that the supreme court may upon motion of the attorney general fix a time within which the necessary records of the proceedings and the briefs of the parties shall be filed and advance the cause for hearing. The law regulating proceedings in error generally provides that the plaintiff in error shall file with his petition in error an application for an order directing the clerk of the district court or other tribunal from which the appeal is taken to transmit to the supreme court all such original papers in the cause and a duly authenticated transcript of all such journal entries as he may desire and as may be necessary to exhibit the error complained of; and that upon the filing of such application it shall be the duty of the clerk of this

court to forthwith issue such order under the seal of the supreme court and that the said order shall be served upon the clerk of the district court or other tribunal from which the appeal is taken in the same manner as all other process is served out of said supreme court; and that it shall be the duty of the clerk of said district court or other tribunal, upon receipt of such order, to forthwith deliver such papers as may be called for under the said order of the clerk of the supreme court, taking his receipt for the same, and that such original papers and authenticated transcript shall be and become a part of the record in the said case in the supreme court, and that upon the conclusion of the case in said court said papers shall be returned with the mandate of the supreme court to the court of tribunal from which the appeal is taken.

It appears that in this case such application for original papers and transcript of journal entries was made and the order issued by the clerk and the papers sent here in response thereto, bearing the proper authentification certificates. It appears also that at the time of the filing of the petition in error a motion was filed by counsel for the plaintiff in error, which was signed also by the attorney general, asking that an order be entered herein fixing the time for filing the records of the proceedings in this court and to advance the said cause for hearing, as well also as to fix a time for filing the briefs of the respective parties; that evidently being done in order to comply with the provision aforesaid found in the said removal statute under which this action was brought and is being prosecuted.

The motion to dismiss contains, as one of the grounds thereof, that this court has not made any order upon that motion. The records, however, are here, and so far as we know they comprise all the necessary papers and journal entries. Also, plaintiff in error, at the same time, November 4, 1925, filed its brief upon the merits.

We perceive nothing more necessary to be done except to advance the cause for hearing and fix a time for filing the brief of the defendant in error. And under the circumstances stated at least, we think it must be held that the ground last stated is not a just cause for dismissing the proceeding in error. We think also that it may reasonably be doubted that the failure of the court to have acted upon a motion under such removal statute for advancing the cause, or for sending up the record and fixing a time for filing the briefs, would be a ground for dismissing the proceeding in error, at least where there is no showing of fault on the part of the plaintiff in error in that particular.

For the reasons stated, we are of the opinion that the motion to dismiss the proceeding in error must be denied and an order will be entered accordingly.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.